**UNITED STATES of America, Appellee,**

v.

**Evaristo CARRASQUILLO–RAMOS, Defendant, Appellant.**

**No. 92–1030.**

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1992.

Decided Nov. 24, 1992.

Lydia Lizarríbar–Masini, Hato Rey, P.R., for defendant, appellant.

Antonio R. Bazán, with whom Daniel F. López–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, SKINNER,* District Judge.

TORRUELLA, Circuit Judge.

This appeal arises out of the district court's refusal to adjust appellant's sentence level downward by two points for acceptance of responsibility. Because we find that the district court did not abuse its discretion, we affirm.

■ Appellant was found guilty by a jury of three counts of drug-related crimes.[1] After the trial, appellant made

---

\* Of the District of Massachusetts, sitting by designation.

**1.** Counts one and two charged appellant with willfully, knowingly and intentionally using a telephone in committing and facilitating the commission of the crime of distribution of cocaine on two separate dates. Count three charged appellant with willfully, knowingly and unlawfully distributing approximately 918 grams of cocaine.

statements of admittance during an interview with the probation officer. At his sentencing hearing, appellant also stated "I know I did wrong and besides having done it wrong, I'm very repentant, and I ask forgiveness from the court." Appellant contends that these statements demonstrate the required acceptance of responsibility.

The district judge disagreed, and sentenced him to 48 months imprisonment on counts one and two, and 78 months imprisonment on count three, all to run concurrently. This sentence fell within the applicable guideline range for appellant's offense level.

We note that the district court's conclusion as to the downward adjustment is consistent with Application Note 2 of United States Sentencing Guideline § 3E1.1, pertaining to acceptance of responsibility. That Note explains that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." The Note continues, stating that in "rare situations" a defendant may qualify for the adjustment while still having a trial, but only based upon "pre-trial statements and conduct."

Appellant contends that he could not admit guilt before trial because his codefendants threatened him and his family. Appellant contends that this duress excuses his otherwise untimely admissions. We note, however, that the trial judge knew of appellant's contention before he rejected the request for the downward adjustment.

 We review the district court's finding in this case with great deference because "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Uricoechea–Casallas*, 946 F.2d 162, 167 (1st Cir.1991) (citing United States Sentencing Guideline § 3E1.1 comment). We therefore will reverse the finding only if it amounts to clear error. *United States v. Bradley*, 917 F.2d 601, 606 (1st Cir.1990). Given this standard, we cannot conclude that the district judge erred in denying the downward adjustment.

The district court had the opportunity to assess appellant's demeanor and credibility, and evaluate his acceptance of responsibility, including his allegations of threats, in the context of the case as a whole. *See id.* Due to his assessment of these factors, the district court concluded that appellant did not accept responsibility at the hearing, but merely expressed remorse. This conclusion is bolstered by the presentence report, which expressly found that appellant was not eligible for the reduction because appellant made no pre-trial admissions.

Given the lack of any pre-trial acceptance of responsibility, and the insistence of the Sentencing Guidelines for such a timely acceptance of responsibility, we cannot say that the district judge committed clear error in refusing to apply the downward adjustment.

*Affirmed.*